# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| Matrix Trust Company et al., | § § § | |
| Appellants, | § § | |
| v. | § § | Civil Action No. 3:21-CV-01223-E |
| Jeffrey H Mims, | § § § | |
| Appellee. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellants Matrix Trust Company and Matrix Settlement & Clearance Services LLC (referred collectively as "Matrix")'s Motion for Leave to Appeal, which seeks leave to appeal the bankruptcy court's order dated May 5, 2021 (Bankruptcy Order). (ECF No. 1-1 at 92-112). Appellee and Chapter 7 Trustee Jeffrey Mims has responded. (ECF No. 3-1). Having carefully considered the Motion for Leave to Appeal, the Bankruptcy Order, the Parties' briefing, and applicable law, the Court finds the Motion for Leave to Appeal should be DENIED.

### I. BACKGROUND

"An involuntary Chapter 7 bankruptcy petition was filed against Vantage Benefits Administrators, Inc. (Debtor) by certain of its creditors on April 19, 2018." *In re Vantage Benefits Administrators, Inc.*, No. 18-31351-SGJ-7, 2021 WL 1815065, at *1 (Bankr. N.D. Tex. May 5, 2021). On June 4, 2018, the bankruptcy court appointed Mims as the Trustee of the Debtor. On April 6, 2020, Mims filed a Trustee's Original Complaint against Matrix—asserting that the Estate owns certain litigation claims against Matrix; Mims subsequently filed a Second Amended

Complaint (SAC), which asserted nine counts against Matrix. *In re Vantage Benefits Administrators, Inc.*, 2021 WL 1815065, at *2.

On December 16, 2020, Matrix moved to dismiss all claims asserted against them in the SAC. On May 5, 2021, the bankruptcy court granted in part and denied in part Matrix's motion to dismiss in its Bankruptcy Order as follows: (i) denying the motion as to counts 1-3 and 6-7; (ii) granting the motion as to count 4, with consent of Mims and Matrix; and (iii) granting Mims 14 days' leave to amend the complaint. *In re Vantage Benefits Administrators, Inc.*, 2021 WL 1815065, at *22. Matrix filed a Notice of Appeal on May 27, 2021, which seeks leave to appeal the May 5, 2021 Bankruptcy Order. (ECF No. 1-1) pursuant to Federal Rule of Bankruptcy Procedure 8004 and 28 U.S.C. § 158(a)(3).[1] Mims has responded. (ECF No. 3-1). Matrix has not timely replied. Having been fully briefed, the Motion for Leave to Appeal is ripe for adjudication.

## II.   LEGAL STANDARD(S)

Appeals from bankruptcy courts are governed by 28 U.S.C. § 158. It permits district courts to hear appeals from final bankruptcy judgments and, with leave of court, other interlocutory orders. Section 158(a)(3) expressly requires leave of the district court to appeal an interlocutory bankruptcy court order. 28 U.S.C. § 158(a)(3); *see* Fed. R. Bankr. P. 8004(a).[2] "Section 158(a)

---

[1] As filed, the Notice of Appeal combines and attaches the Bankruptcy Order and the Motion for Leave to Appeal in one filing on the docket. (ECF No. 1-1). The Court cautions practitioners against such combined filings as it deprives the docket of a separate "Motion" to be adjudicated.

[2] Federal Rule of Bankruptcy Procedure 8004(a) provides:

> To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a). The notice must:
> (1) be filed within the time allowed by Rule 8002;
> (2) be accompanied by a motion for leave to appeal prepared in accordance with subdivision (b); and
> (3) unless served electronically using the court's transmission equipment, include proof of service in accordance with Rule 8011(d).

Fed. R. Bankr. P. 8004(a).

plainly gives district courts discretion over whether to accept appeals from interlocutory bankruptcy court orders." *In re Highland Capital Mgmt., LP*, No. 3:21-CV-0132-E, 2021 WL 3772690, at *2 (N.D. Tex. Feb. 11, 2021); *see also, e.g.*, *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 405 n. 9, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (Ginsburg, J., dissenting) (instructing that discretion for a § 1292(b) appeal lies "in the first instance in the district court's sound discretion"). Section 158(a)(3) does not provide a standard for determining when to grant leave. District courts have generally looked to the standard that applies for circuit court review of interlocutory district court orders, which is found in 28 U.S.C. § 1292. *See, e.g.*, *In re Highland Capital Mgmt., LP*, 2021 WL 3772690, at *1-*2; *In re Highland Capital Mgmt., L.P.*, No. 3:21-CV-0879-K, 2022 WL 394760, at *3 (N.D. Tex. Feb. 9, 2022) (collecting cases).

Under § 1292(b), an interlocutory order is appealable when it involves "**[(i)]** a controlling question of law **[(ii)]** as to which there is substantial ground for difference of opinion and **[(iii)]** that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see In re Highland Capital Mgmt., LP*, 2021 WL 3772690, at *2 (discussing the same). All three of the statutory criteria must be met before an interlocutory appeal is proper. *See Arparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981). "[T]he Fifth Circuit disfavors interlocutory appeals" and leave to appeal is "sparingly granted." *See Odle v. Wal-Mart Stores Inc.*, No. 3:11-CV-2954-O, 2013 WL 66035, at *2 (N.D. Tex. Jan. 7, 2013) (citing *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985)). Section 1292(b) "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion. *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (internal citation omitted). As another district court explained in *Ryan v. Flowserve Corporation*:

> the issue for appeal must involve a question of *law*—not fact. *Clark–Dietz,* 702 F.2d at 69 (holding that "fact-review" issues are inappropriate for § 1292 review).

> And a "question of law" does *not* mean the application of settled law to disputed facts. *McFarlin,* 381 F.3d at 1258 (*citing Ahrenholz,* 219 F.3d at 676). Thus, resolving the issue presented should not require the appeals court to go "hunting through the record" to see whether "a genuine issue of material fact may be lurking there." *Ahrenholz,* 219 F.3d at 676.

444 F. Supp. 2d 718, 722. The Court next addresses the three elements under 28 U.S.C. § 1292(b).

### III. ANALYSIS

#### A. Whether the Interlocutory Order Involves a Controlling Question of Law

Matrix first argues that a controlling issue of law exists as it relates to the Bankruptcy Order's "conclusions on "*in pari delicto*." (ECF No. 101 at 105). Matrix asserts that the Fifth Circuit "has not expressly decided whether bankruptcy trustees are subject to the *in pari delicto* defense in the context of a case involving a bankruptcy trustee" and "has not decided whether federal bankruptcy law and pleading standards permit the defense to be applied to bankruptcy trustees at the pleading stage." In response, Mims refers the Court to the Bankruptcy Order, which acknowledged "several factual issues that the parties need to address in discovery before Matrix's *in pari delicto* defense is ripe for adjudication." (ECF No. 3-1 at 4).

> The Bankruptcy Order states:
>
> This court concludes that the determination of whether New York versus Texas law should apply in this Adversary Proceeding must entail an intensely factual inquiry.
> . . . .
> To be clear, it is ***plausible*** that Texas law applies to some or all of the claims the Trustee has asserted against the Matrix Defendants. This court cannot possibly ascertain at this stage of the litigation whether the choice of law provision in the Services Agreement should be enforced without going beyond the four corners of the SAC and Services Agreement.
> . . . .
> while the defense of *in pari delicto* may sometimes bar a bankruptcy trustee's claims (again, assuming the Fifth Circuit would rule this way), this court believes that the applicability of the defense necessitates an intensely factual inquiry and, thus, is not a proper subject for a Rule 12(b)(6) motion.

*In re Vantage Benefits Administrators, Inc.*, 2021 WL 1815065, at *12, *15 (bold italics emphasis in original). The Court agrees with the Bankruptcy Order that review of the determinations of (i) whether New York or Texas law applies and (ii) the *in pari delicto* defense would, under these circumstances, entail factual inquiry that lies beyond a § 1292(b) appeal. Additionally, the Fifth Circuit routinely refuses to consider interlocutory appeals from trial court orders that *deny* a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Ramirez v. Escajeda*, 921 F.3d 497, 501 (5th Cir. 2019) ("That is []merely an attack on the district court's denial of his motion to dismiss for failure to state a claim.[] . . . We lack jurisdiction to consider that challenge at this early facet of the proceedings.) (internal quotation omitted). *Brown v. Miller*, 519 F.3d 231, 238 (5th Cir. 2008) ("We do not have jurisdiction to review the simple denial of a motion to dismiss for failure to state a claim."); *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 845–46 (5th Cir. 1991) ("Lacking jurisdiction, we refuse to consider the argument[]: (1) that the complaint fails to state a claim for which relief could be granted because the district court's denial of the motion to dismiss on that ground is interlocutory and not appealable). Accordingly, the Court determines the Bankruptcy Order does not involve a controlling question of law. Matrix has not met the first element of a 28 U.S.C. § 1292(b) appeal.

B. **Whether a Substantial Ground for Difference of Opinion Exists Regarding the *In Pari Delicto* Doctrine**

Assuming *arguendo* a controlling issue of law existed, Matrix challenges the Bankruptcy Order's conclusions regarding the *in pari delicto* doctrine—asserting a substantial ground for a difference of opinion exists. (ECF No. 1-1 at 106-110). In response, Mims asserts (i) the Bankruptcy Order comports with Fifth Circuit and Texas precedent regarding *in pari delicto* and (ii) that Matrix concedes the same. (ECF No. 3-1 at 5).

The Bankruptcy Order contains a lengthy discussion of the *in pari delicto* doctrine. *In re Vantage Benefits Administrators, Inc.*, 2021 WL 1815065, at *12-*15. It is apparent from this discussion that the bankruptcy court comported with both Fifth Circuit and Texas precedent. As briefed, Matrix invites the Court to determine a "substantial ground for difference of opinion" by referring the Court to case law that is (i) outside of the Fifth Circuit and (ii) involves states *other than* Texas. As the *in pari delicto* doctrine "is controlled by state common law," the Court declines such invitation. *Jones v. Wells Fargo Bank, N.A.*, 666 F.3d 955, 965 (5th Cir. 2012). The Court determines there is no substantial ground for difference of opinion under these circumstances. Assuming *arguendo* the first element was met, Matrix has not met the second element of a 28 U.S.C. § 1292(b) appeal.

### C. Whether an Immediate Appeal from the Order May Materially Advance the Ultimate Termination of the Litigation

Last, Matrix briefly argues that granting interlocutory review "unquestionably would materially speed resolution of this dispute because reversal of the Order would result in the dismissal of all remaining claims against Matrix." (ECF No. 1-1 at 106). However, this presumes that the Court would reverse the Bankruptcy Order; if the Court were to affirm the Bankruptcy Order, then the granting of interlocutory review would likely *not* materially speed resolution of the dispute. Further, while a reversal of the Bankruptcy Order "would likely terminate the litigation, such is always the case regarding Rule 12(b)(6) motions; yet Congress reserved interlocutory appeals to a narrow class of questions—a class to which Rule 12(b)(6) decisions do not belong." *Lillie v. Stanford Tr. Co.*, No. 3:13-CV-3127-N, 2015 WL 13741932, at *4 (N.D. Tex. Sept. 22, 2015). For those reasons, the Court determines an immediate appeal may not materially advance the ultimate termination of the litigation. Matrix has not met the third element of a 28 U.S.C. § 1292(b) appeal.

## IV.  CONCLUSION

Having concluded that Matrix has met none of the three conjunctive elements for an appeal in accordance with 28 U.S.C. § 158 and 28 U.S.C. § 1292, the Court DENIES Matrix's Motion for Leave to Appeal. (ECF No. 1-1).

**SO ORDERED.**

20th day of June, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE